IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS CLINTON,

    Plaintiff,

v.                                CASE NO. 5:18-cv-111-MCR-GRJ

LYNN EARLY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate presently confined at FCI Marianna, initiated this case by filing a civil rights complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] Plaintiff's complaint, (ECF No. 1), is before the Court for screening pursuant to 28 U.S.C. § 1915A. The complaint stems from a November 2016 incident when Plaintiff alleges he suffered an acute case of food poisoning. Plaintiff alleges that his medical care was delayed and that he recently was diagnosed as having "helicobacter pylori AG, EIA, Stool". ECF No. 1.

---

[1] Plaintiff has neither paid the $400.00 civil rights case filing fee nor filed a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." Because the Complaint is due to be dismissed, the Court does not recommend that Plaintiff be required to correct this deficiency.

Plaintiff executed the complaint under penalty of perjury. (ECF No. 1 at 12.) The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." (*Id.* at 4–5.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*Id.* at 4.) In response to these questions, Plaintiff affirmatively represented that he had filed *no* prior state or federal cases. (*Id.* at 4–5.)

In response to these questions, Plaintiff identified the following cases: (1) *Clinton v. Keller*, No. 1:12-cv-641-WSD, ECF Nos. 3-4 (N.D. Ga. May 31, 2012) (dismissing Plaintiff's petition for writ of habeas corpus

under 28 U.S.C. § 2241 because his claims were moot and he nonetheless failed to state a claim for denial of due process); (2) *Clinton v. United States*, No. 9:16-cv-81020-RLR, ECF No. 7 (S.D. Fla. Sept. 30, 2016) (transferring Plaintiff's motion to vacate under 28 U.S.C. § 2255 to the Eleventh Circuit so he may proceed with a request for authorization to file a successive § 2255 motion to vacate); and (3) *Clinton v. United States*, No. 9:01-cv-8434-KLR, ECF No. 22 (S.D. Fla. Apr. 3, 2002) (denying Plaintiff's motion to vacate under 28 U.S.C. § 2255).  However, a review of the Court's PACER Case Locator reflects that Plaintiff also has filed multiple appeals and petitions to the United States Court of Appeals for the Eleventh Circuit, which Plaintiff failed to disclose.

More glaringly, Plaintiff failed to disclose a very recent case filed in this same Court that was dismissed as malicious for abuse of the judicial process because Plaintiff failed to truthfully disclose his case filing history. *See Clinton v. Copeland*, Case No. 5:17-cv-286-MCR-GRJ (N.D. Fla. 2/9/18).  That case also concerned Plaintiff's conditions of confinement at FCI Marianna, specifically his treatment with respect to a lumbar spine condition.  The Court's complaint form clearly required disclosure of this

case both as a case that qualifies as a "strike" under 28 U.S.C. § 1915(g) and as "any other lawsuit . . . relating to the conditions of your confinement." ECF No. 1 at 11. The Court has confirmed that the Plaintiff in this case is the same as the plaintiff/petitioner in the prior disclosed and undisclosed cases, having been identified by his BOP inmate number (53449-004).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Court determined that dismissal was an appropriate sanction:

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted

with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  The Court has not done so because there can be no plausible excuse for Plaintiff's failure to disclose a prior "strike" that he incurred less than three months ago for his failure to disclose prior cases.  Further, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  It appears that upon dismissal of this case Plaintiff will have incurred at least two "strikes".  If Plaintiff incurs

three strikes, he will be unable to proceed as a pauper in a civil case filed in federal court, absent a showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 7th day of May 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**